107 F.3d 16
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Ray Talmadge HOLLENBACK, Petitioner-Appellant,
v.
William GOTCHER; Attorney General State of Arizona,
Respondents-Appellees.
 No. 95-15902.
 United States Court of Appeals, Ninth Circuit.
 Submitted Feb. 5, 1997.*
Decided Feb. 7, 1997.
 
 Before: CANBY, HAWKINS, and TASHIMA, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Ray Talmadge Hollenback, an Arizona state prisoner, appeals pro se the district court's denial of his 28 U.S.C. § 2254 habeas petition. Hollenback, a felon on probation at the time the instant offenses were committed, was convicted in Arizona Superior Court of nine counts of armed robbery. We have jurisdiction pursuant to 28 U.S.C. § 2253. We review de novo, Duckett v. Godinez, 67 F.3d 734, 739 (9th Cir.1995), cert. denied, 116 S.Ct. 1549 (1996), and we affirm.
 
 
 3
 Hollenback contends that his trial counsel was ineffective for withdrawing a motion challenging the admissibility of certain statements he made to police. We disagree.
 
 
 4
 To prevail on a claim of ineffective assistance, a petitioner must show both that his counsel's performance was deficient and that this prejudiced his case. Strickland v. Washington, 466 U.S. 668, 688 (1984). In evaluating the prejudice prong, we assess whether "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." Id. at 694. "[A] court must indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance; that is, the defendant must overcome the presumption that, under the circumstances, the challenged action 'might be considered sound trial strategy.' " Id. at 689 (citation omitted).
 
 
 5
 At trial, counsel's strategy was to admit that Hollenback committed the armed robberies but prove that he was insane at the time. Before trial, counsel withdrew a suppression motion challenging the voluntariness of statements Hollenback made to the police after the State indicated that the arresting officers would testify about Hollenback's statements. Trial counsel prevented the jury from hearing testimony from the arresting officers by stipulating that Hollenback made a tape-recorded statement and by allowing the jury to hear the tape at the trial. Because the testimony of the arresting officers could have damaged Hollenback's insanity defense, Hollenback fails to overcome the presumption that trial counsel's decision was sound trial strategy. See id. at 689. Moreover, there was significant, independent evidence of Hollenback's guilt. Several witnesses positively identified Hollenback as the perpetrator of the armed robberies and Hollenback was photographed by hidden camera in at least one of the robberies. Therefore, Hollenback fails to demonstrate that counsel's actions prejudiced his case. See id. at 694. Accordingly, we reject Hollenback's ineffective assistance claim. See id. at 697.
 
 
 6
 Hollenback contends that counsel was ineffective for failing to adequately pursue possible psychiatric defenses. We disagree.
 
 
 7
 Here, the State contends that Hollenback is procedurally barred from raising this issue. Even if Hollenback was not procedurally barred from raising this claim, his ineffective assistance claim lacks merit. Before trial, counsel obtained psychiatric reports from two doctors indicating that Hollenback could have formed the requisite intent necessary to convict him of the armed robberies. At trial, counsel presented expert testimony from psychologist Thomas McCabe and from counselor Michael Calhoun. Neither of these experts would state that Hollenback lacked the ability to tell right from wrong at the time he committed the armed robberies. Hollenback points to no additional evidence supporting an insanity defense. Consequently, Hollenback fails to demonstrate that he was prejudiced by counsel's performance. See id. at 694; see also Hensley v. Crist, 67 F.3d 181, 186-87 (9th Cir.1995) (counsel not ineffective for failing to explore insanity defense where petitioner fails to demonstrate with reasonable probability that trial outcome would have been different).
 
 
 8
 Hollenback contends that his nine concurrent sentences of life without the possibility of parole for twenty-five years violates the Eighth Amendment's prohibition against cruel and unusual punishment. The State contends that Hollenback is procedurally barred from raising this claim. Even if Hollenback was not procedurally barred from raising his Eighth Amendment claim, his contention lacks merit. We rejected this contention under substantially similar facts in Cocio v. Bramlett, 872 F.2d 889, 897-98 (9th Cir.1989) (Arizona statute mandating life without parole for twenty-five years not violative of Eighth Amendment).
 
 
 9
 Because Hollenback's allegations, if proved, would not entitle him to relief, the district court did not err by failing to hold an evidentiary hearing on Hollenback's claims. See Williams v. Calderon, 52 F.3d 1465, 1484 (9th Cir.1995), cert. denied, 116 S.Ct. 937 (1996).[1]
 
 
 10
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3
 
 
 [1]
 Additionally, Hollenback contends that: (1) trial counsel was ineffective for failing to obtain adequate discovery, make factual investigations, advise Hollenback concerning the evidence against him, meet with Hollenback, and to obtain evidence of mitigating factors; (2) the trial court violated Hollenback's constitutional rights by permitting the introduction of his coerced confession; and (3) appellate counsel failed to raise any claims on appeal. Because Hollenback did not raise these contentions in the district court, we will not address them here. See Cacoperdo v. Demosthenes, 37 F.3d 504, 507 (9th Cir.1994)